1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JACKS, | ) Case No.: CV 11-04723 RGK (AGRx) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER FOR** |
| | ) **CONFIDENTIALITY OF** |
| TRINITY HEALTH PLAN AND | ) **INFORMATION** |
| UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| Defendant. | ) |

To expedite the flow of discovery material, facilitate the prompt resolution of dispute over confidentiality, and to protect against unnecessary disclosure of confidential and/or proprietary information by parties and non-parties, pursuant to the Court's authority under FRCP 26(c), it is hereby **ORDERED**:

1. <u>"Confidential" Materials</u>.  "Confidential" materials are documents or information so designated by the producing party and constitute documents from Plaintiff's claim file identified as protected by the attorney client privilege.  A party disclosing or producing the information, documents or things, that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating in writing (by correspondence

1

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIALITY OF INFORMATION

1493865.1

1  or otherwise) that some or all documents produced are "Confidential."  Any
2  "Confidential" marking shall be displayed at the bottom of the page and shall not
3  cover any text of documents.  A party shall make the designation of
4  "Confidential" only as to material which that party reasonably and in good faith
5  believes is confidential and entitled to protection under Rule 26(c).  Any such
6  designation shall be made at the time answers to interrogatories or answers to
7  requests for production are served; or at the time that tangible things or copies of
8  the documents are furnished to a party conducting such discovery.  If upon review
9  any party believes that any documents, information, or tangible items designated
10 by a designating party are not "Confidential" as defined herein above, then the
11 party may challenge such designation under the procedures set forth in paragraph
12 12 below.
13         It is understood that the purpose of this Protective Order ("Order") is to
14 facilitate discovery and is not a ruling or an agreement by Plaintiff that the
15 documents or information produced pursuant to this protective order are in fact
16 confidential.
17         2.     Scope of "Confidential" Designation.  Pursuant to the Civil Minutes
18 of Magistrate Judge Alicia G. Rosenberg on March 20, 2012 the special treatment
19 accorded the documents designated "Confidential" under this Order may extend
20 only up to discovery and nondispositive, pretrial proceedings.  Thereafter, further
21 protection must be obtained by a separate court order.  Thus, the parties
22 acknowledge that this Order will remain in place up to and including the date the
23 parties are to file their opening trial briefs.  In the event there is a pending motion
24 for protective order to safeguard "Confidential" materials for the period
25 thereafter, including trial briefing through final conclusion and beyond, that has
26 not been ruled on by the time the opening trial briefs are due then the parties
27 agree to continue to operate under the terms of this Order until the Court has
28 issued its ruling on the motion.  Prior to that date the provisions of this Order

shall extend to:

    (a)    All documents designated "Confidential" under the terms of this Order;

    (b)    All copies of such documents;

    (c)    Any deposition transcript or exhibit, or portion thereof, that discusses such documents;

    (d)    Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that specifically discusses such documents, which have been designated "Confidential" pursuant to this Order.

    (e)    Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

    (f)    All information contained in such documents or depositions.

3.    <u>Restrictions on Disclosure of "Confidential" Materials</u>.  Except with written prior consent of all parties and except as provided elsewhere in this Order, all materials produced in this suit that are designated "Confidential" shall be used solely for the preparation of this suit and shall not be used in any other case or for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions as long as this Order is in place.  Materials designated "Confidential," and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

    (a)    The parties to this litigation or Court personnel;

    (b)    Counsel for parties in this suit;

    (c)    Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

1  (d) Actual or potential deposition witnesses to testify concerning the
2  suit; and
3  (e) Outside consultants and experts retained for the purposes of assisting
4  counsel and the parties in the prosecution and/or defense of this suit.
5  4. <u>Certification of Compliance</u>.  Except for the persons identified in
6  subparagraphs 3(a)-(c) of this Order, no person authorized under the terms of this
7  Order to receive access to "Confidential" materials shall be granted access to
8  them until such person has read this Order and agreed in writing to be bound by it
9  pursuant to the form attached to the Order as Exhibit 1.  These written agreements
10 (in the form of Exhibit 1) shall be maintained by counsel for the parties and made
11 available upon Order of the Court to any party.
12 5. <u>Rights Preserved.</u>  Nothing in this Order shall be deemed a waiver of
13 any party's right to object to the admissibility of any documents produced
14 pursuant to this Order at trial or any other court proceeding on the basis of
15 relevance, materiality, privilege, over breadth or any other recognized objection
16 to evidence.
17 6. <u>Inadvertent Disclosure</u>.  The inadvertent production or disclosure of
18 any Confidential materials (including physical objects) to the receiving party shall
19 not constitute a waiver of the attorney-client privilege or work product immunity
20 if the producing part sends to each receiving party a request for return of any such
21 inadvertently produced documents to the producing party within 30 days.  Upon
22 receiving such a request by the producing party, the receiving party immediately
23 shall return to the producing party all copies of such documents or shall
24 immediately confirm in writing that all electronic copies of the documents have
25 been deleted from electronic records and all paper copies of the documents have
26 been destroyed.  Upon a reasonable request by the receiving party as to whether a
27 document was inadvertently produced, the producing party shall have fifteen
28 calendar days to respond.  The producing party's response shall: (1) state whether

1  the document was or was not inadvertently produced, (2) if applicable, designate
2  the document as within the attorney-client privilege or work product immunity,
3  and (3) state whether return of the document is requested.  In the event the
4  receiving party challenges the propriety of the attorney-client or work product
5  immunity designation, the party asserting privilege may file an appropriate
6  motion with the Court.  In such a motion, the burden of establishing privilege
7  shall remain on the party asserting the privilege.  If a document or information
8  has been used during a deposition, used at a hearing, identified in a pleading filed
9  with the Court, identified in a pretrial order or interrogatory response, identified
10 for use at trial, or disclosed to the Court, no claim of inadvertent production may
11 be made unless such claim is made within fifteen (15) calendar days of such use,
12 identification or disclosure.

13        7.    <u>Use of "Confidential" Materials at Depositions</u>.  Any "Confidential"
14 materials marked as deposition exhibits shall be sealed separately from the
15 remainder of the deposition transcript and exhibits.  When a party uses or refers to
16 "Confidential" materials at a deposition, at the request of the party asserting
17 confidentiality, the portion of the deposition transcript that relates to such
18 documents or information shall be stamped "Confidential" and sealed separately
19 from the remainder of the transcript, and shall be treated as "Confidential" under
20 the provisions of this Order.

21        8.    <u>Designating Portions of the Deposition Transcripts Confidential</u>.
22 Any party may, within fifteen (15) days after receiving a deposition transcript,
23 designate portions of the transcript, or exhibits to it, as being "Confidential."
24 Confidential deposition testimony or exhibits may be designated by stamping the
25 exhibits "Confidential," or by underlining the portions of the pages that are
26 confidential and stamping such pages "Confidential."  Until expiration of the 15-
27 day period, the entire deposition transcript, and all exhibits to it, will be treated as
28 confidential under the provisions of this Protective Order.  If no party timely

designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 12.

9. <u>Use of "Confidential" Materials in Papers Filed with the Court</u>. Subject to the provisions of Paragraph 2, materials designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with Local Rule 79-5 paragraph 10 of this Order.

10. <u>Use of "Confidential" Materials in Court</u>.  Subject to Paragraph 2, the use of "Confidential" materials and all information in them or derived from them that may be used or offered at any hearing in this litigation prior to trial, provided that when using "Confidential" materials in Court, counsel for the party using the "Confidential" materials shall take steps to insure against inadvertent disclosure of the "Confidential" materials to persons not subject to this Order. Also subject to Paragraph 2 and if appropriate, a separate order shall govern the use of "Confidential" materials and all information in them or derived from them that may be used or offered into evidence at the trial of this suit.

11. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

12. <u>Procedures for Challenging "Confidential" Designation</u>.  If upon review any party believes that any materials, information or tangible items designated by a designating party are not "Confidential," then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the material, information or tangible item.  The written notice must specifically identify the challenged materials, information or tangible items by bates numbered pages where available.  The designating party must then seek a protective order from the Court for such materials, information or tangible items.  Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such materials, information or tangible items to be excluded from the provisions of this Order.  At all times, the designating party bears the burden of proving the materials, information or tangible items contain information appropriately subject to a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure.  The filing of a Motion for Protective Order by the designating party within the time limit set forth above shall preserve the designation of said materials or items until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.  Prior to submitting disputes regarding confidentiality of materials to this Court, the parties shall confer and shall report to this Court on the outcome of the conference.

13. <u>Court Retains Final Authority</u>.  The Court retains final authority to determine what is or is not "Confidential" materials and to remove the "Confidential" designation from any document governed by this Order as necessary to protect the public interest.  Further, and notwithstanding any provisions stated in Paragraph 12, should the Court determine that documents may **not** be filed under seal, parties are permitted to file documents containing Confidential materials without limitation.  If there is a judicial determination that documents marked "Confidential" pursuant to this Order are not subject to

1 protection then the documents shall be reproduced without "Confidential"
2 markings within 14 days after said judicial determination, unless the Court
3 instructs otherwise.

4     14.   <u>Violation of Order</u>.  Willful violation by any person of any provision
5 of this Order may be punishable as contempt of Court.  Further, any party hereto
6 may pursue any and all civil remedies available to him or it for breach of the
7 terms of this Order.

8     15.   This Stipulated Protective Order shall be effective and enforced
9 according to its terms from and after entry of the Order by this Court.

11     SO ORDERED this 29th day of March, 2012.

*Alicia G. Rosenberg*

Hon. Alicia G. Rosenberg

**Exhibit 1**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CAROLYN JACKS, | ) | Case No.: CV 11-04723 RGK (AGRx) |
| Plaintiff, | ) | |
| v. | ) | **ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT** |
| TRINITY HEALTH PLAN AND UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) | |
| Defendant. | ) | |

In consideration of the disclosure to me of certain information which is subject to a Protective order of this Court I state as follows:

1.    That I reside at _____, in the city and county of _____ and the state of _____.

2.    That I have read and understand the Stipulated Protective Order ("Protective Order") dated _____, entered into in the above styled civil action (the "Action");

3.    That I agree to comply with and be bound by the provisions of the Protective Order;

4. That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Protective Order, and will not copy or use, except solely for the purposes of this Action, any confidential document or information as defined by the Protective order, except as provided herein.

5. That I understand that if I violate the terms of the Protective order, I may be subject to an enforcement proceeding before this Court, including an application to have me held in contempt; and

6. That I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings seeking enforcement of the Protective Order.

Signature: _____

Date: _____